[No. B224469. Second Dist., Div. One. Dec. 21, 2011.]

MERI FAYROYAN-MEZHLUMYAN, Plaintiff and Appellant, v.
WELLS FARGO BANK, N.A., Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

_____

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for
publication with the exception of part 2. of the Discussion.

COUNSEL

Law Offices of Richard M. Foster and Richard M. Foster for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Eric J. Troutman and Jon D. Ives for Defendant and Respondent.

OPINION

CHANEY, J.—Meri Fayroyan-Mezhlumyan (Appellant) appeals from an order granting Wells Fargo Bank, N.A.'s motion to strike portions of her second amended complaint, sustaining without leave to amend Wells Fargo's demurrer to the remainder of the second amended complaint on statute of limitations grounds, and dismissing Wells Fargo from the action. As explained below, we affirm in part and reverse in part.

In the published portion of the opinion, we hold that the one-year statute of limitations in Code of Civil Procedure section 340, subdivision (c), for an action "by a depositor against a bank for the payment of a forged or raised check" is not applicable to this case. Appellant's action relates to Wells Fargo's alleged payment of a forged check drawn on her home equity line of

credit. With respect to this account, Appellant is not a "depositor." The trial court erred when it sustained Wells Fargo's demurrer to three causes of action in the second amended complaint, based on its conclusion that these causes of action are barred by the statute of limitations in Code of Civil Procedure section 340, subdivision (c).

## BACKGROUND

On August 26, 2008, Appellant filed this action against Wells Fargo.[1] On August 5, 2009, she filed a first amended complaint, asserting one cause of action against Wells Fargo for identity theft under Civil Code section 1798.93. This statute provides, in pertinent part, "A person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." (Civ. Code, § 1798.93, subd. (a).)

Appellant alleged that someone forged her signature on two checks totaling $99,000 drawn on her home equity line of credit at Wells Fargo. The checks were made out to "Lord of the Rings Jewelry," one dated April 1, 2007, in the amount of $45,000, and one dated April 4, 2007, for $54,000. The checks were cashed. Appellant alleged that she sent Wells Fargo written notice that the checks had been "lost and/or stolen along with her identity" and that "her signature [on the checks] was forged." She asserted that Wells Fargo "failed to diligently investigate [her] notification of identity theft" and "continue[d] to pursue its claim against" her.

Pursuant to Civil Code section 1798.93, subdivision (c), Appellant sought (1) a declaration that she is not obligated to Wells Fargo for the $99,000 drawn against her home equity line of credit, (2) an injunction restraining Wells Fargo from collecting or attempting to collect on the claim, and (3) damages, attorney fees, costs, a civil penalty and any equitable relief the court deems appropriate against Wells Fargo.

In the first amended complaint, Appellant also made claims against Lord of the Rings Jewelry (LORJ).[2] In the second cause of action in her first amended complaint, Appellant alleged that, "On or about April 3rd and 5th, 2007 [LORJ] and DOES 1 through 10 knowingly and willingly conspired and agreed among themselves to defraud, embezzle, and take $99,000.00 from [Appellant] by cashing the two checks drawn on [Appellant]'s home equity

---

[1] The original complaint is not part of the record on appeal. The trial court's ruling on the motion to strike and demurrer to the second amended complaint lists August 26, 2008, as the date Appellant commenced this action against Wells Fargo. Appellant does not dispute this date.

[2] LORJ is not a party to this appeal.

line of credit." Appellant alleged that she had not written or authorized the checks and had not conducted business with LORJ.

Appellant also asserted that LORJ had committed general negligence and fraud. She alleged that LORJ "knew or should have known that the two checks were illegally obtained and written." She also alleged that LORJ "defrauded [her] in the amount of $99,000.00 by depositing and/or cashing two checks drawn on [Appellant]'s home equity line of credit without [Appellant]'s knowledge and permission . . . ." Appellant sought "recovery of all [her] damages, attorney's fees and costs and exemplary damage [sic] from [LORJ]." Appellant did not include Wells Fargo in the claims of conspiracy, general negligence and fraud made in the first amended complaint.

Wells Fargo filed a demurrer to the first amended complaint on grounds that the action was barred by the statute of limitations. Wells Fargo argued that the statute of limitations applicable to Appellant's cause of action against Wells Fargo is the one-year statute of limitations in Code of Civil Procedure section 340, subdivision (c), which governs actions "by a depositor against a bank for the payment of a forged or raised check." (Code Civ. Proc., § 340, subd. (c).) According to the first amended complaint, the checks were cashed on April 3 and 5, 2007. Wells Fargo argued that the statute of limitations began to run on May 5, 2007, at the latest because, within 30 days after the checks were cashed, Appellant would have received a statement showing that the checks had posted to her account. Appellant filed this action against Wells Fargo on August 26, 2008, more than a year later. Wells Fargo argued that Appellant could not avoid the bar of the one-year statute of limitations by labeling her cause of action against Wells Fargo as one for "identity theft" under Civil Code section 1798.93, and attempting to apply the four-year statute of limitations for identity theft claims set forth in Civil Code section 1798.96.

Appellant filed an opposition to the demurrer, arguing that the four-year statute of limitations in Civil Code section 1798.96 applied to her identity theft cause of action against Wells Fargo. Appellant did not dispute Wells Fargo's contention that she became aware of the alleged wrongful conduct in May 2007.

On December 31, 2009, the trial court heard oral argument on Wells Fargo's demurrer to the first amended complaint. The court concluded that the statute of limitations applicable to Appellant's cause of action against Wells Fargo is the one-year statute of limitations in Code of Civil Procedure section 340, subdivision (c), and found that Appellant's claim against Wells

Fargo, as pleaded in the first amended complaint, was barred by that statute of limitations. The court also found, however, that "it is conceivable that [Appellant] may plead facts that may toll the statute of limitations." Accordingly, the court sustained the demurrer with leave to amend.

In its written tentative ruling, which the court adopted as the final ruling, the court explained: "The delayed discovery rule prevents accrual of a cause of action for statute of limitations purposes until the plaintiff discovers or should have discovered the negligent cause of his or her injury. It is noted, however, that [Appellant] states in her Opposition that she 'became aware of the fraud on or around May of 2007.' [Citation.] If this is true, then [Appellant]'s claim would clearly be time barred by CCP § 340(c), thereby deeming leave to amend fruitless. However, in the interest of justice, the Court would sustain with leave to amend to provide plaintiff an opportunity to attempt to cure the defect."

At oral argument, counsel for Wells Fargo informed the trial court that Appellant's counsel had indicated that Appellant intended to amend the complaint to "add a different theory, as opposed to merely asserting the same theory, just with a different set of facts." The court stated that it was only granting Appellant leave to amend "to plead around the [statute of limitations] defect." The court instructed Appellant that if she wanted to allege a new theory of recovery against Wells Fargo, then she needed to file a motion for leave to amend her complaint.

On January 21, 2010, Appellant filed a second amended complaint. In addition to the cause of action for identity theft, Appellant asserted seven additional causes of action against Wells Fargo which were not included in the first amended complaint: civil conspiracy, negligence, breach of contract, breach of fiduciary duty, bad faith, breach of the implied covenant of good faith and fair dealing, and violation of Business and Professions Code section 17200.[3] Appellant did not seek leave of court before adding these new causes of action against Wells Fargo.

Appellant included new factual allegations in her first cause of action for identity theft. She alleged that Wells Fargo "allowed third person[s] to access and/or obtain HELOC [(home equity line of credit)] checks tied to [Appellant]'s account and then allowed those checks to be negotiated through LORJ which had accomplished this same misdeed previously through checks obtained from [Wells Fargo] HELOC checks [sic] for different customers." Appellant further alleged that she had "never ordered nor received HELOC checks," but checks "went directly from [Wells Fargo] to the persons who perpetrated this crime."

---

[3] LORJ was still named as a defendant in the civil conspiracy and negligence causes of action. Appellant dropped her cause of action for fraud against LORJ.

Appellant claimed that Wells Fargo "had a custom and practice in place that allowed information to be leaked out . . . and for checks to be sent out without [Appellant]'s permission and then allowed same to be negotiated despite the LORJ being involved with two other HELOC account[s]." Appellant also claimed that Wells Fargo "employees negligently misappropriated and transmitted [Appellant]'s personal information to unknown persons" and that Wells Fargo "negligently hired, supervised, managed and/or permitted their employees to access, obtain, utilize or do as otherwise set forth [in the second amended complaint] all to the detriment of [Appellant]."

Appellant attached to her second amended complaint copies of (1) the May 5, 2007 written notification her attorney sent to Wells Fargo, asserting that she had been the victim of identity theft, (2) the two checks made out to LORJ, dated April 1 and 3, 2007, and (3) a police report, dated April 30, 2007, regarding the alleged identity theft.

Wells Fargo filed a motion to strike the second through eighth causes of action in the second amended complaint on grounds that Appellant failed to seek leave of court before asserting these seven new causes of action. Wells Fargo argued that the new causes of action "were not crafted to respond to the Court's concerns regarding the statute of limitations. Rather, they narrate a wholly new, and implausible, version of events which deviates markedly from the theories underlying the [first amended complaint]."

Wells Fargo also filed a demurrer to the second amended complaint. Wells Fargo argued that the first cause of action for identity theft, the third cause of action for negligence and the fourth cause of action for breach of contract are barred by the one-year statute of limitations in Code of Civil Procedure section 340, subdivision (c). Wells Fargo argued that the other causes of action in the second amended complaint fail to state a claim for reasons that are not at issue on appeal.

Appellant filed an opposition to the demurrer arguing that her action is governed by the four-year statute of limitations for identity theft claims set forth in Civil Code section 1798.96. She pointed out that the wrongful conduct alleged in her second amended complaint is not limited to Wells Fargo's payment of forged checks, the only conduct covered by the statute of limitations in Code of Civil Procedure section 340, subdivision (c). She accused Wells Fargo of causing her identity to be stolen by sending blank checks drawn on her HELOC (home equity line of credit) account to persons

not authorized to access that account. She also argued, among other things, that she was not required to seek leave of court to assert "[a]ny additional causes of action arising from the same set of facts."

On March 23, 2010, the trial court heard oral argument on Wells Fargo's motion to strike and demurrer to the second amended complaint. The court denied in part and granted in part Wells Fargo's motion to strike portions of the second amended complaint. In its written ruling, the court explained: "Plaintiff's third (negligence) and fourth (breach of contract) causes of action can be construed to respond to the Court's sustaining of demurrer to the first amended complaint. The court sustained the demurrer to the first amended complaint on the grounds that Plaintiff's identity theft cause of action was barred by the statute of limitations. Plaintiff attempts to plead alternative theories to the Plaintiff's identity theft claim which may have a different statute of limitations period and relate directly to the same primary rights. However, plaintiff's second (conspiracy), fifth (breach of fiduciary duty), sixth (bad faith), seventh (breach of the implied covenant of good faith), and eighth (violation of business and professions code [*sic*]) causes of action are entirely new and do not respond to the Court's sustaining of the demurrer to the First Amended Complaint. Accordingly, the second, fifth, sixth, seventh, and eighth causes of action are not drawn in conformity with the law and the court's prior ruling. The Motion to strike the fifth, sixth, seventh, and eighth causes of action is GRANTED."

At the hearing, Appellant's counsel requested permission to file a motion for leave to amend the complaint to add a cause of action for violation of Business and Professions Code section 17200. The court declined the request.

The trial court also sustained the demurrer to the first cause of action for identity theft, the third cause of action for negligence and the fourth cause of action for breach of contract without leave to amend on grounds that these causes of action are barred by the one-year statute of limitations in Code of Civil Procedure section 340, subdivision (c). The court found the demurrer to the other causes of action to be moot because it granted the motion to strike these causes of action.

On April 26, 2010, the trial court issued a signed order granting Wells Fargo's motion to strike portions of the second amended complaint, sustaining without leave to amend Wells Fargo's demurrer to the remainder of the second amended complaint, and dismissing Wells Fargo from the action. Appellant filed a timely appeal from this order of dismissal.

## DISCUSSION

1. *Demurrer*

In reviewing the trial court's order sustaining the demurrer, "we examine the complaint de novo." (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].) "We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. [Citations.]" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865 [62 Cal.Rptr.3d 614, 161 P.3d 1168].) " 'We also consider matters which may be judicially noticed.' " (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We must construe the allegations liberally, "with a view to substantial justice between the parties." (Code Civ. Proc., § 452.)

Wells Fargo demurred to the first cause of action for identity theft, the third cause of action for negligence and the fourth cause of action for breach of contract in Appellant's second amended complaint on the sole ground that these causes of action are barred by the one-year statute of limitations in Code of Civil Procedure section 340, subdivision (c),[4] for an action "by a depositor against a bank for the payment of a forged or raised check." Both below and on appeal, Appellant argued that the trial court erred in sustaining the demurrer on statute of limitations grounds because her allegations against Wells Fargo are not limited to the payment of forged checks, but also include claims that Wells Fargo caused her identity to be stolen by sending checks she did not order to persons who were not authorized to write checks on her HELOC account.

After Appellant filed her reply brief on appeal we requested that the parties brief additional issues, including the issue of whether Appellant is a "depositor" within the meaning of section 340, subdivision (c), with respect to her HELOC account at Wells Fargo, the only account at issue in this action.[5] In her letter brief, Appellant argued that she is a loan customer on her HELOC account, not a depositor. In its letter brief, Wells Fargo argued that a bank customer who maintains any type of account, including a HELOC account, is a depositor within the meaning of section 340, subdivision (c). For the reasons discussed below, we agree with Appellant that she is not a depositor

---

[4] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[5] Because we conclude that this first issue is dispositive, we need not discuss the other issue we asked the parties to brief.

for purposes of this action. Therefore, section 340, subdivision (c), is inapplicable to her causes of action against Wells Fargo.

■ We independently review issues of statutory interpretation. (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529 [120 Cal.Rptr.3d 531, 246 P.3d 612].) " 'In construing statutes, we must determine and effectuate legislative intent.' [Citation.] 'To ascertain intent, we look first to the words of the statutes' [citation], 'giving them their usual and ordinary meaning' [citation]. If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' [Citation.]" (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)

Section 340 lists numerous types of civil actions which have a one-year statute of limitations. Subdivision (c) of section 340 provides that a one-year limitations period applies to: "An action for libel, slander, false imprisonment, seduction of a person below the age of legal consent, *or by a depositor against a bank for the payment of a forged or raised check*, or a check that bears a forged or unauthorized endorsement, or against any person who boards or feeds an animal or fowl or who engages in the practice of veterinary medicine as defined in Section 4826 of the Business and Professions Code, for that person's neglect resulting in injury or death to an animal or fowl in the course of boarding or feeding the animal or fowl or in the course of the practice of veterinary medicine on that animal or fowl." (Italics added.) The language in subdivision (c) which is at issue here, italicized above, was added to section 340 in 1905. (Historical and Statutory Notes, 13C West's Ann. Code Civ. Proc. (2006 ed.) foll. § 340, p. 78.)

Appellant's HELOC account at Wells Fargo is the only bank account that is involved in this action.[6] This is a loan account, based on equity in Appellant's home, not a deposit account. In opening this account, Appellant secured a line of credit which she may borrow against. Appellant did not deposit funds (or anything else) into this account. When a check is written on Appellant's HELOC account and paid by Wells Fargo, the balance on Appellant's loan increases. Appellant is a borrower and Wells Fargo is the creditor.

---

[6] In her second amended complaint, Appellant alleges that she maintains other accounts at Wells Fargo. Those other unidentified accounts are not at issue in this action and are not relevant to this statute of limitations inquiry.

■ The language in section 340, subdivision (c), which is at issue here is clear and unambiguous. It applies to an action "by a depositor against a bank for the payment of a forged or raised check." (§ 340, subd. (c).) Wells Fargo urges this court to presume that the statute also applies to an action by a borrower, rather than a depositor, against a bank for the payment of a forged or raised check. There is no valid basis for such a presumption. If the Legislature wanted this statute to be applicable to all bank customers who maintain any type of account (deposit or credit), the Legislature could have amended the statute by changing the word "depositor" to "customer" or "account holder." The Legislature has not chosen to do so. We will not construe this statute more broadly than the plain meaning of the language allows.

■ In its letter brief, Wells Fargo argues that section 340, subdivision (c), should be "harmonize[d]" with provisions of the California Uniform Commercial Code (UCC) which use the term "customer." We recognize that "statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)

Wells Fargo cites California Uniform Commercial Code section 4406, enacted in 1963, which provides in pertinent part that where a bank "sends or makes available to a customer a statement of account showing payment of items for the account" (§ 4406, subd. (a)), "a customer who does not within one year after the statement or items are made available to the customer . . . discover and report the customer's unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration" (§ 4406, subd. (f), citation omitted). For purposes of California Uniform Commercial Code section 4406, the term " 'Account' means any deposit or credit account with a bank, including a demand, time, savings, passbook, share draft, or like account, other than an account evidenced by a certificate of deposit"; " 'Customer' means a person having an account with a bank or for whom a bank has agreed to collect items, including a bank that maintains an account at another bank"; and " 'Item' means an instrument or a promise or order to pay money handled by a bank for collection or payment. . . ." (Cal. U. Com. Code, § 4104, subd. (a)(1), (5) & (9).)

■ California Uniform Commercial Code section 4406 is not part of the same statutory scheme as Code of Civil Procedure section 340. California Uniform Commercial Code section 4406 is not a statute of limitation. It "is

an issue-preclusion statute." (*Roy Supply, Inc. v. Wells Fargo Bank* (1995) 39 Cal.App.4th 1051, 1065 [46 Cal.Rptr.2d 309].) It requires a bank customer to notify the bank within a year if the bank customer wants to sue the bank regarding a forged item, ensuring that the bank will face liability only if the bank receives prompt notice of the forged item. There appears to be no dispute here that Appellant notified Wells Fargo of the alleged forgeries within about a month of Wells Fargo's payment of the two checks totaling $99,000. As set forth above, Appellant attached to her second amended complaint a May 5, 2007 letter from her counsel to Wells Fargo confirming her earlier report of identity theft regarding the alleged forged checks. She also attached copies of the checks, which are dated April 1 and 3, 2007, and a copy of a police report, dated April 30, 2007, regarding the alleged identity theft. Appellant alleges that Wells Fargo paid the checks on or about April 9, 2007. By giving Wells Fargo prompt notice of the alleged forged checks, Appellant complied with California Uniform Commercial Code section 4406, subdivision (f), and allowed Wells Fargo to investigate the matter without delay.

▆ Despite use of the more broad terms "customer" and "account" in California Uniform Commercial Code section 4406, the California Legislature has chosen not to amend section 340, subdivision (c), to make the one-year statute of limitations applicable to an action by any customer or account holder against a bank for the payment of a forged or raised check. As plainly written, section 340, subdivision (c), applies only to an action brought by a "depositor." ▆ With respect to her HELOC account, Appellant is not a "depositor." The one-year statute of limitations in section 340, subdivision (c), therefore is not applicable to this action. The trial court erred in sustaining the demurrer to Appellant's first, third and fourth causes of action in the second amended complaint on this ground.

2. *Motion to Strike*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order sustaining the demurrer to the first, third and fourth causes of action in the second amended complaint without leave to amend is reversed.

---

[*]See footnote, *ante*, page 195.

The order granting the motion to strike is reversed as to the eighth cause of action for violation of Business and Professions Code section 17200 only. In all other respects, the order granting the motion to strike is affirmed. Appellant is entitled to recover her costs on appeal.

Mallano, P. J., and Rothschild, J., concurred.