**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 9 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONWIDE LEGAL, LLC,

      Plaintiff - Appellant,

  v.

JPMORGAN CHASE BANK, N.A., a
Nationally Chartered Bank,

      Defendant - Appellee.

No. 24-3059

D.C. No.
2:23-cv-00599-MEMF-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Submitted May 12, 2025[**]
Pasadena, California

Before: IKUTA, R. NELSON, and LEE, Circuit Judges.

Nationwide Legal, LLC appeals the district court's order dismissing its

negligence claim against JPMorgan Chase Bank, N.A. Nationwide sued Chase after

one of Nationwide's employees stole company funds by changing the payee on

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

company checks and depositing the checks into personal checking accounts at Chase. Nationwide alleges that Chase acted negligently when it permitted Nationwide's employee to deposit the checks.[1]

The district court dismissed Nationwide's claim against Chase after finding that it was barred by the one-year statute of limitations under Section 340(c) of the California Code of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a district court's dismissal based on statutes of limitations. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). We affirm.

California state law governs this diversity action, and the California Supreme Court "is the final arbiter of what is state law." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940). We "follow a published intermediate state court decision . . . unless we are convinced that the California Supreme Court would reject it." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013).

1. <u>The plain language of Section 340(c) covers Nationwide's claim</u>. In California, an action "by a depositor against a bank for payment of a forged or raised check" must be filed within one year. Cal. Civ. Proc. Code § 340(c). First, the

---

[1] The district court also dismissed Nationwide's other two claims against Chase: (1) violation of Section 4401 of the California Commercial Code and (2) breach of contract. Nationwide did not address either of those claims in its opening brief, so we conclude that Nationwide forfeited any arguments regarding those claims. *See Ind. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

district court correctly found that the checks at issue in this case were "forged" such that Section 340(c) may apply, *see Union Tool Co. v. Farmers' & Merchs.' Nat'l Bank of Los Angeles*, 218 P. 424, 429 (Cal. 1923), and Nationwide does not challenge that finding on appeal.

Second, Nationwide's claim is an action "by a depositor against a bank." Cal. Civ. Proc. Code § 340(c). We must give the statutory language its "plain and commonsense meaning." *Smith v. LoanMe, Inc.*, 483 P.3d 869, 872 (Cal. 2021). The plain language of Section 340(c) covers an action brought by a depositor against the bank where the depositor deposits its funds. Nationwide is a depositor with Chase, so Section 340(c) applies to its claim against Chase for "payment of a forged or raised check."

Nationwide points us to a footnote in *Roy Supply, Inc. v. Wells Fargo Bank* that states Section 340(c) "applies only to an action by a depositor against a payor bank." 46 Cal. Rptr. 2d 309, 321 n.20 (Ct. App. 1995). Here, Nationwide does not allege that Chase acted negligently in its role as "payor" bank by paying the forged checks. Rather, Nationwide claims Chase negligently accepted the checks from the employee for deposit as the "depositary" bank.

But the footnote in *Roy Supply* stating that Section 340(c) applies only in actions against payor banks is dicta, *see* 46 Cal. Rptr. at 323 n.25 (explaining that "the statute of limitations issue was not resolved in the trial court and is not at issue

24-3059

in this appeal"), and a different lower court decision in California suggests that depositary banks may invoke Section 340(c) as a defense, *see Allied Concord Fin. Corp. v. Bank of Am.*, 80 Cal. Rptr. 622, 626 (Ct. App. 1969) (holding that "suit in California by the drawer on contract principles is barred by the one-year statute of limitation, whether brought against the [payor] bank, the collecting bank, or the depositary bank"); *see also id.* (explaining that "[i]t would make little sense to extend greater protection to the [payor] bank than to depositary . . . banks").

The best prediction of the California Supreme Court's view remains the plain meaning of the statute. Section 340(c) does not specify which role under the Commercial Code the bank must have played for the statute of limitations to apply. We decline to override the plain meaning of the statute by importing Commercial Code language that the California legislature has chosen not to include in the statute. *Cf. Fayroyan-Mezhlumyan v. Wells Fargo Bank, N.A.*, 135 Cal. Rptr. 3d 824, 831 (Ct. App. 2011) (holding that "depositor" under Section 340(c) includes only depositors and does not include all of a bank's customers despite related provision in Commercial Code extending to all customers).

2. *Sun 'n Sand* does not save Nationwide's claim from the one-year statute of limitations. Nationwide further argues that Section 340(c) does not apply to its negligence claim because it fits under the narrow exception announced in *Sun 'n Sand, Inc. v. United Cal. Bank*, 582 P.2d 920 (Cal. 1978). The plurality decision in

*Sun 'n Sand* is binding precedent only insofar as the California Supreme Court held that Section 340(c) did not apply to the particular negligence claim in that case.

But Nationwide's negligence claim against Chase is distinguishable from the one in *Sun 'n Sand*. Sun 'n Sand claimed that the depositary bank committed a wrong "independent" of the forgeries because it failed to catch a separate "irregularity": The bank failed to investigate checks deposited into the fraudster's account even though *the bank itself* was named payee on the checks. 582 P.2d at 926, 940. Here, Nationwide does not allege that Chase committed a wrong "independent" of the forgeries. *Id.* at 940. Rather, Nationwide's claim arises directly from Chase's accepting the forged checks for deposit.

In sum, Section 340(c)'s one-year statute of limitations applies to Nationwide's claim. And because the statute of limitations began to run when the misappropriated checks appeared on Nationwide's bank statements on or before April 2021, *see Union Tool Co.*, 218 P. at 429, Nationwide filed suit too late in 2023.[2]

**AFFIRMED.**

---

[2] Because Nationwide's claim is barred by the statute of limitations, we decline to address Chase's preemption argument.